THOMAS RIDLING, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. The fact that the court directed twenty-four men, summoned as grand jurors, to retire to the grand jury room and excuse the last man on the list, if there were twenty-four, and then organize by electing a foreman, and that the twenty-three return with the foreman to be then sworn, which was done, does not vitiate an indictment afterwards found by the sworn jury. The grand jury is not complete and organized for business until sworn.

2. It is not error in the county judge, acting as both judge and jury, after a case is heard before dinner, and his decision withheld until after dinner, to hear additional evidence after dinner, the defendant not making it appear that he was thereby injured by the absence of witnesses or otherwise.

3. Proof by the state that a dealer in spirituous liquors sold to a minor, and that the parent or guardian was not present and assenting at the time of sale, makes such a *prima facie* case that the sale is made without first obtaining authority of such parent or guardian, as to authorize a conviction in the absence of all proof to the contrary, especially when such parent resides in a distant county from the venue of the crime.

4. Is the burden of showing that the retailer did not first obtain the authority of the parent or guardian upon the state, or is it not upon the vendor to show that he first obtained it ?    *Quære.*

Criminal law.    Indictment.    Jury.    Practice in the Superior Court.    Before Judge RICE.    Clarke County.    At Chambers.    April 3d, 1876.

Reported in the opinion.

W. B. THOMAS, for plaintiff in error.

A. L. MITCHELL, solicitor general, for the state.

JACKSON, Judge.

The defendant was indicted in the superior court for the offense of selling spirituous liquors to a minor without having first obtained the authority of the parent or guardian. The indictment was transmitted to the county court, and the defendant was tried there before the judge, without any jury, on both law and fact. The defendant was convicted, and applied for a *certiorari* on various grounds alleged therein ; the *certiorari* was refused, and defendant excepted.

1. The first ground of complaint is. that when the grand jury was called by the sheriff it was suggested that there were twenty-four men, and the court, instead of reducing them to twenty-three himself, told them to go to their room, and if there were twenty-four to strike off and excuse the last man, then choose a foreman and return and be qualified. The whole complaint is that the court told the grand jury, *before it was organized and sworn,* if, on count, there should be twenty-four, to reduce itself to the legal number by doing just what he would have done and what the law required to be done, to-wit : *striking the last man on the list,* the last summoned. We, are at a loss to see any error in it or any harm done defendant by it.

2. The next ground is that the county judge, at the close of the testimony before dinner, said he would render his judgment after dinner, but after dinner he reopened the case and heard other evidence. It is not shown that the defendant had witnesses absent after dinner to rebut the additional evidence, or was otherwise hurt. He asked for no continuance, and would have been no better prepared at another time. The facts and the judgment would have been just the same so far as is made to appear. We see no error at all in this proceeding.

3. The third ground is that the facts and law do not make a case for conviction. The facts are that the defendant sold whisky, a spirituous liquor, to the minor; that the minor had no authority from his father, who lived in Atlanta, to buy ;

Ridling *vs.* The State of Georgia.

that his father was not present giving his authority at the time of the sale, and had not been in Athens, the place of the crime, in the last two years. This evidence, we think, is abundant to make out a *prima facie* case of guilt beyond any reasonable doubt, even if the burden be upon the state to show *want of authority by the parent to sell.* Upon that point we express no decided opinion and make no positive ruling. The statute, acts of 1875, page 102, is very strong in laying down the prerequisite which alone can justify this crime. The language is, "without first obtaining the authority from the parent or guardian." The retailer must *first* obtain the authority—the license—the permission of the parent. The act in regard to allowing minors to play ten-pins or billiards, Code, section 4543, is not so strong. The salient words there are "without the consent of the parent or guardian;" and whilst in the latter case this court, in 50 *Georgia Reports*, 103, puts the burden upon the state to show that there was no consent by the parent, we hardly think the cases exactly analogous. Certainly to sell liquor to a minor is worse than to let him play billiards, and the requisition to obtain *first the authority* of the parent is stronger than the words "*without the consent,*" etc. For myself, I incline strongly to the conviction that the defendant, having *first* to obtain authority before he can with impunity do this great wrong to a minor for a little money, ought to be required to show *his authority so first obtained,* as in the case of license to sell the liquor at all; and that proof of the sale to the minor by the state, without more, would be enough to convict, unless he showed his authority. But we put the query to the profession and rest there for the present, as this case does not demand a decision on that point.

The crime is against society, against youth, against policy, morals, everything good ; and the doubt should be very reasonable before the criminal should be allowed to escape unwhipped of justice. Very slight evidence should suffice to prove the negative that a sane parent never gave a dramseller authority to ruin his son, and thus to shift the *onus,* if

on the state at all, upon the defendant. In this case we think the evidence ample, and have no doubt, if such authority had been obtained, he who obtained it would have proved it. He is, therefore, properly and legally convicted; and the punishment, a little fine of $25 00, is, I think, a mere trifle compared with the gravity of the crime.

Judgment affirmed.